IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RASHAD ALI GILES,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19cv00717 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **ZACK WEST, et al.,** | ) | By:  Hon. Thomas T. Cullen |
| | ) |       United States District Judge |
| Defendants. | ) | |

Plaintiff Rashad Ali Giles, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983.  By conditional filing orders entered October 25 and December 4, 2019, the court advised Giles that he must notify the court in writing immediately upon his transfer or release and must provide the court with his new address.  (See ECF Nos. 4 and 9).  On September 29, 2020, an order mailed to Giles was returned to the court as undeliverable and with no forwarding address.  (See ECF No. 18.)  Giles has not provided the court with an updated address and, therefore, Giles has failed to comply with the court's order and the court has no means of contacting him.

Moreover, Giles' complaint fails to state a cognizable federal claim under § 1983. Giles alleges that an unnamed person offered him a job in the presence of defendant Nurse Miller and the "job description involved picking cotton."  He also alleges that the next day, defendant Officer West called Giles a "black bastard" in the presence of defendant Nurse Kinder and another person.  Giles argues that West's statement "demonstrated a direct racial b[ia]s/prejudice, creating a potentially hazardous, unjust environment and [was] unprofessional."

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Alleged verbal harassment or verbal abuse by prison officials, although serious, does not, by itself, state a constitutional deprivation under § 1983. Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Johnson v. Laham, 9 F.3d 1543 (4th Cir. 1993); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C. 1990), aff'd 917 F.2d 1302 (4th Cir. 1990) (finding that the threatening language of a prison official, even if true, does not amount to constitutional violation); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A [§] 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973) ("[T]hreatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations."); Bibbo v. Mulhern, 621 F. Supp. 1018, 1025 (D. Mass. 1985) (humiliating, denigrating, and frightening verbal abuse may be actionable as state tort, but does not state a fourteenth amendment claim); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim."). Giles' allegations

2

that Officer West verbally harassed him and that defendant Nurse Miller and Kinder were present when others verbally harassed, without more, do not rise to the level of a constitutional violation. Accordingly, the court will dismiss Giles's complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**ENTERED** this 30th day of September, 2020.

_____
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE